**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTONIO WARD,

    Petitioner,

v.                                                                 Case No. 3:13-cv-1281-J-32TEM

WARDEN JOHN PALMER, et al.,

    Prospective Defendants.

_____

## **ORDER**

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a "Petition for Oral Deposition to Perpetuate Testimony Before Action is Filed" (Doc. #1) (hereinafter Petition). Petitioner has not filed a complaint, nor has he filed a request to proceed as a pauper. In the Petition, he states that he intends to file a civil rights complaint in the future, but is unable to do so now due to threats, ongoing acts of retaliation, and his confinement in close management. He seeks an order authorizing him to depose ten correctional officials to perpetuate their testimony pursuant to Fed. R. Civ. P. 27(a), which provides in pertinent part:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> > (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

> > (B) the subject matter of the expected action and the petitioner's interest;
> >
> > (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> >
> > (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> >
> > (E) the name, address, and expected substance of the testimony of each deponent.

"Rule 27 is not a substitute for discovery; rather, it is 'available in special circumstances to preserve testimony which could otherwise be lost.'" In re Whitehead, 476 F. App'x 281, 282 (3d Cir. 2012) (per curiam) (quoting Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975)).

Here, Petitioner does not explain why the testimony of the ten officers he wishes to depose may be lost if he is not permitted to depose them at this time. Instead, he seeks to perpetuate their testimony to "assist [him] in going forward with the § 1983 civil claims." Petition at 6. Thus, it appears that Petitioner is seeking to use Rule 27 as a substitute for discovery. Accordingly, the Petition will be denied and this case will be dismissed without prejudice to Petitioner's right to properly initiate a civil rights action, and to thereafter seek discovery in that case.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Oral Deposition to Perpetuate Testimony Before Action is Filed (Doc. #1) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

4. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Petitioner. If Petitioner elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number if Petitioner elects to file a civil rights case. In initiating such a case, Petitioner should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" **or** pay the $400.00 filing fee.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of October, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 10/23
c:
Antonio Ward